# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ANTHONY FARQUHAR,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>CAIN,<br><br>　　　　　　Defendant.<br>_____/ | CASE NO. 1:02-CV-5712-OWW-LJO-P<br><br>ORDER DENYING MOTIONS FOR SETTLEMENT CONFERENCE, AND FOR COURT ORDER RELATING TO LAW LIBRARY ACCESS<br><br>(Docs. 85, 86, and 87)<br><br>ORDER REQUIRING PLAINTIFF TO FILE PRETRIAL STATEMENT WITHIN TWO WEEKS<br><br>ORDER DIRECTING CLERK'S OFFICE TO PROVIDE PLAINTIFF WITH COPY OF LOCAL RULE 16-281, SECOND SCHEDULING ORDER, AND DOCKET IN THIS ACTION<br><br>ORDER DIRECTING CLERK'S OFFICE TO SEND LITIGATION OFFICE COPY OF THIS ORDER AND SECOND SCHEDULING ORDER |

　　Plaintiff Mark Anthony Farquhar ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This matter is set for telephonic trial confirmation hearing on January 12, 2006, and jury trial on February 28, 2006. Pursuant to the court's order of August 11, 2005, plaintiff's pretrial statement was due on or before December 3, 2005. To date, plaintiff has not filed his pretrial statement or requested an extension of time to comply with the court's order. However, on November 17, 2005, plaintiff filed a notice of change of address to Deuel Vocational Institution (DVI). In the notice, plaintiff, who is back in

custody following a parole violation, stated he had not been able to go to the law library and had been unable to obtain the court's address or defendant's counsel's address. Plaintiff also complained that following his parole, defendant's counsel continued to serve him with documents at the California Medical Facility despite being served with several changes of address. On December 12, 2005, plaintiff filed a motion seeking a settlement conference and a declaration of his inability to access photocopies, paper, books, and other items.

Plaintiff's motion for a settlement conference shall be denied. In the event that in his pretrial statement defendant Cain indicates that a settlement conference might be helpful, the court will schedule one. However, unless both parties believe one might be helpful in resolving this case, no settlement conference will be set. In addition to addressing this issue in the pretrial statement, the parties are free to communicate directly with one another on this issue.

This action is proceeding to trial on plaintiff's claim that defendant Cain violated his rights under the Eighth Amendment by acting with deliberate indifference to his serious medical needs. The court does not have jurisdiction to issue an order that does not remedy this claim and the court does not have jurisdiction over individuals who are not parties to this suit. Therefore, the court cannot order CDC or its employees to provide plaintiff with law library access or priority status so that plaintiff may access the law library. Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985).

By this order, the court will direct the Clerk's Office to send plaintiff a copy of Local Rule 16-281 so that plaintiff will be aware of what he must include in his pretrial statement, as well as a copy of the Second Scheduling Order and a copy of the docket. Plaintiff must file his pretrial statement within two weeks from the date of service of this order. By virtue of the issuance of this order, a court deadline has been set and it has been the court's experience that prison officials have a system in place that will accommodate plaintiff when he has a court deadline. The court will also direct the Clerk's Office to send a copy of this order and the Second Scheduling Order to the

Litigation Office so staff are aware of the upcoming deadlines.[1]

    Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motions for a settlement conference and for a court order relating to law library access at DVI are DENIED;

2. The Clerk's Office shall send plaintiff a copy of Local Rule 16-281, a copy of the Second Scheduling Order, and a copy of the docket in this action;

3. Within **fifteen (15) days** from the date of service of this order, plaintiff shall file his pretrial statement in compliance with the court's order of August 11, 2005; and

4. The Clerk's Office shall fax (1) a copy of this order, along with Local Rule 16-281, the Second Scheduling Order, and the docket, to the Litigation Office at DVI for delivery to plaintiff, and (2) a copy of this order and the Second Scheduling Order to the Litigation Office for staff use.

IT IS SO ORDERED.

**Dated:   December 14, 2005**          /s/ Lawrence J. O'Neill
b9ed48                                             UNITED STATES MAGISTRATE JUDGE

---

[1] Although plaintiff did not raise the issue in his filings, given that plaintiff was out on parole and is now back in custody, it is possible that plaintiff no longer has the Second Scheduling Order in his possession and that prison staff are unaware of the upcoming hearing and trial dates.